# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7182 | **DATE** | 5/23/2002 |
| **CASE TITLE** | MACSTEEL INTERNATIONAL USA CORP. vs. SUPERIOR PRODUCTS COMPANY, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Superior's motion to amend Opinion and Order of Judgment is denied in part and granted in part [52-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 28 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | S6 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MACSTEEL INTERNATIONAL USA CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> SUPERIOR PRODUCTS COMPANY, INC., (Superior Wire Division), </br></br> Defendant. | Case No. 98 C 7182 </br></br> Hon. John W. Darrah |

DOCKETED MAY 28 2002

## MEMORANDUM OPINION AND ORDER

After trial of this matter without a jury on December 3 through 5, 2001, this Court issued, on March 27, 2002, an Opinion and Order in which it found Defendant, Superior Products Company, Inc. ("Superior"), liable to Plaintiff, MacSteel International USA Corporation ("MacSteel"), for breach of contract. In that opinion, this Court found that Superior had not rejected or revoked its acceptance of wire rod that MacSteel delivered to it.

On April 5, 2002, Superior moved, pursuant to Federal Rule of Civil Procedure 52(b), to amend its findings or make additional findings and amend the March 27, 2002 Opinion and Order of Judgment. Specifically, Superior moves the Court to make additional findings on the following issues: (1) "[w]hether Superior rejected the rod (or revoked acceptance of the rod) in April 1998 by virtue [of] Mr. Rex's statements and assertions to Rosner and Ratzker that he could not use the rod, that the rod was not acceptable and that Superior would not pay for the rod" and (2) "[i]f so, whether



such rejection (or revocation) was timely under U.C.C. § 2-602(1) (as to rejection) or under U.C.C. § 2-608(2) (as to revocation)." (Superior's Mot. Amend Op. Order Judgment at 2.) For the reasons that follow, Superior's Motion to Amend Opinion and Order of Judgment is denied in part and granted in part.

Rule 52(b) provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly." "Motions made under Fed.R.Civ.P. 52(b) . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead, [Rule 52(b)] motions are intended to correct manifest errors of law or fact or to present newly discovered evidence." *Evans, Inc. v. Tiffany & Co.*, 416 F. Supp. 224, 244 (N.D. Ill. 1976).

Superior has not established the existence of any manifest errors of law or fact in the March 27, 2002 Opinion and Order or presented any newly discovered evidence as required by Rule 52(b). Rather, Superior appears to be attempting to relitigate the issues of whether it effectively rejected or revoked its acceptance of the wire rod. This Court has made findings of fact on these issues. Specifically, this Court, in its March 27, 2002 Opinion and Order, found that:

> Sometime during the week of April 15, 1998, Rex called Ratzker and told him that Superior could not use the wire because the tensile strength was too low. Mark Rosner of MacSteel met with Rex on April 21, 1998 to discuss Rex's complaint about the tensile strength of the rod. After the April 21, 1998 meeting, Superior continued to use and resell the rod . . . [O]n or about April 1, 1998, Dur-O-Wal . . . sent Superior a purchase order . . . . Superior sold wire rod to Dur-O-Wal[, its primary customer,] during April, May, June, July, August and September of 1998. On or about March 4, 1998, Superior sold eleven coils of the wire rod, weighing about 43,965 pounds, to Royal Concrete Pipe . . . Superior has used, for "its own purposes", twenty-one tons (42,297 pounds) of the wire rod.

*MacSteel Int'l USA Corp. v. Superior Products Co., Inc.*, No. 98 C 7182, 2002 WL 472288, at *4 (N.D. Ill. Mar. 27, 2002). Based on these findings of fact, the Court concluded that (1) Superior accepted the wire rod by performing "multiple acts inconsistent with MacSteel's ownership of the goods" through its own use and resale of the rod to Royal Concrete and Dur-O-Wal between March 3, 1998 and September 24, 1998 and (2) Superior did not effectively reject the rod because Superior resold the rod, thereby exercising the right of ownership of the goods. *MacSteel Int'l USA*, 2002 WL 472288, at *7. Moreover, this Court found that Superior lacked grounds to revoke its acceptance of the goods because the goods "conformed to the contract and were not non-conforming in a way that substantially impaired the value of the goods to Superior." *MacSteel Int'l USA*, 2002 WL 472288, at *6.

Rule 52(a) only requires that findings of fact and conclusions of law are sufficiently adequate and comprehensive to provide a basis for the district court's opinion. *See Atwood v. Fidelity & Deposit Co. of Md.*, 379 F.2d 498, 500 (7th Cir. 1967). This Court need not discuss all the evidence that supports the findings made or respond to every evidentiary or factual argument advanced by Superior. *See Addamax Corp. v. Open Software Found., Inc.*, 152 F.3d 48, 55 (1st Cir. 1998). Furthermore, this Court was not required to make findings on every detail in this case. *Addamax Corp.*, 152 F.3d at 55.

However, to avoid even the suggestion that the Court's opinion is incomplete or ambiguous, the Court makes the following additional finding pursuant to Rule 52(b):

> Superior neither rejected the wire rod nor revoked acceptance of the wire rod as a result of any statements made by Rex to Rosner or Ratzker of MacSteel in April 1998.

IT IS SO ORDERED.

Date: May 23, 2001

John W. Darrah, Judge
United States District Court